Brinkerhoff, J.
The plaintiffs bring their action under the-code, in the nature of a bill in chancery, to quiet title to, and obtain partition of, a piece of land in Tuscarawas county described in the petition, and in the possession of the defendants.
In the year 1800, Dr. Felix Lynn, of Northampton county, Pennsylvania, was the undisputed owner of the premises in controversy, and is the source of title common to both parties.
In 1807, Dr. Lynn made his last will and testament, directing the-•sale by his executors, of certain lands therein ^described, and [581 authorizing his executors to make deeds for the same to the purchasers ; but, in his will, he does not in any way refer to, or mention, specifically, his lands in Ohio, and, at the close of his will, and following immediately after the clause naming'his executors, he authorizes them to make and execute all deeds of conveyance, “ according to this, my last will and testament.”
Dr. Lynn having died, on the sixteenth of January, 1809, his will was proved in Northampton county, Pennsylvania, and letters testamentary were issued; but the will was never admitted to probate in Ohio, nor were any other proceedings ever had to effectuate the same under the laws of this state.
On the first day of May, 1809, Dr. Lynn’s executors executed in Northampton county, Pa., a deed in fee simple for the land in controversy to George Kintner, reciting therein that Dr. Lynn, in his lifetime, had executed to John Heckawelder a power of attorney, him to make sale óf these lands; that Heckawelder had, *582 .accordingly entered into contract for their sale to said Kintner, and had received a part of the purchase money thereof in the lifetime of Dr. Lynn; that they, as executors, had received the balance of said purchase money, in consideration of all which, etc., they make the deed.
Under this title thus conveyed, and through sundry subsequent ■conveyances and descents, the plaintiffs claim.
In 1838, the New Philadelphia Lateral Canal Company, being in possession of the premises in dispute, and suspecting the invalidity ■of the title under which it then held them, procured from the heirs •of Dr. Lynn, “ in consideration of one dollar to them in hand paid,” .a deed of bargain and sale in fee simple, but without warranty, for the premises.
In January, 1842, the canal company conveyed to Fleming 582] ^Willet; and in June, 1844, 'Willet conveyed to the defendant, Graham; and under this title the defendants claim.
Before proceeding to the consideration of the principal questions in the case, it will be proper to observe, that all the deeds above mentioned were duly recorded in the order of their dates; that the circumstances of the case, as they appear in the proofs, are not .such as to give rise, on the part of either plaintiffs or defendants, to any claim under the statute of limitations; it is not claimed that the defendants had actual notice of plaintiffs’ claim to the premises; aor is it urged, in behalf of the plaintiffs, that the conveyance by the executors of Dr. Lynn to Kintner vested in Kintner, or in those claiming under him, a perfect legal title to the premises. And if it were urged, we think it could not be maintained. The will of Dr. Lynn directed certain lands to be sold, but in no way mentioned or referred to these lands; it then authorized the executors to make conveyances according to the will; and we are of opinion that, by any proper construction of the will, the application of the powers conferred by the latter clause must be restricted by the ■directions of the former.
But, admitting that the will, by its terms, authorized the executors to convey these Ohio lands, still it could, being a foreign will, have, of itself, no extra-territorial force or effect. To give it effect in Ohio, it was necessary that it be admitted to probate in Ohio; and, in order to enable the executors to carry into effect the real contracts of the testator, in respect to-lands in this •.state, an order of the court of common of the in *583, 584 which the lands were situate was requisite. 1 Chase’s Stat. 480, 563, 572.
It is, however, claimed by the plaintiffs, that the facts recited in. the deed of the executors of Dr. Bynn to Kintner, to wit, that Dr. Lynn, in his lifetime, had authorized *Hockawelder to sell [583-these lands; that he had, prior to the death of Lynn, contracted to-sell them to Kintner, and received a part of the purchase money; and that the balance of the purchase money was paid by Kintnerto the executors, constitute an equitable title in favor of Kintner, and those holding under him, which may be enforced in equity against a subsequent purchaser, with notice. They furthermore-claim, that the deed from the executors of Dr. Lynn to Kintner, having been duly recorded, the defendants, claiming under a subsequent deed directly from the heirs of Dr. Lynn, were bound to-take notice of the recorded deed from the executors of Lynn to Kintner, and are chargeable with a knowledge of the facts stated in its recitals. And these facts being established in the proofs to our reasonable 'satisfaction, a question of constructive notice — decisive of this case — is presented.
Were the defendants, being purchasers without actual notice of the deed of Dr. Lynn’s executors, bound to take notice of that deed, and are they chargeable with knowledge of its recitals?
It is well settled that the record or registry of a deed is constructive notice only to those who claim through or under the-grantor by whom such deed was executed. Leiby v. Wolf, 10 Ohio, 83; Stuyvesant v. Hall, 2 Barb. Ch. 158; Murray v. Ballou, 1 Johns. Ch. 574, 575; Keller v. Nutz, 5 S. & R. 252, 254; Lightner v. Mooney, 10 Watts, 412; Bates v. Norcross, 14 Pick. 224. In the last-named case the court say: “ To hold the proprietors of land to-take notice of the records of deeds, to determine whether some-stranger has, without right, made conveyances of their lands, would be a most dangerous doctrine, and can not bo sustained with any color of reason or authority.” “ Where a purchaser can not make-out a title, but by a déed which leads him to another fact, he shall be presumed *to have notice of such fact.” Fonb. Eq., book 3, [584 ch. 3, sec. 1, note b.
“ A purchaser of the legal title can not be affected by any latent equity of which he has not actual notice, or which does not appear on some deed necessary to the deduction of his title. 2 Sugden on Vendors, ch. 17, note 430.
*585 These rules rest-on the obvious reason, that a searcher can be fairly supposed to be made acquainted with the contents of such ■deeds only as, in the process of tracing, link by link, his chain of title on the record, necessarily pass under his inspection.
Now, to apply these rules to the case before us. The grantors in the recorded deed, of which and its recitals it is claimed the defendants were bound to take notice, are the executors of Dr. Lynn; but the defendants do not claim through them; nor do they claim through that deed. They make a perfect legal title without reference to that deed, and did not, and had no occasion to, offer it in evidence. They deduce no title through it, nor from the grantors named in it. They claim title from and through the heirs of. Dr. Lynn, and not from or through his executors; and as to them, and those under whom they claim, the executors are mere strangers and unauthorized volunteers. This application of well-settled rules is, wo think, decisive of the case.
We are of opinion that the defendants are not chargeable with notice of the recitals in the deed from the executors of Dr. Lynn, -nor of the latent equities therein disclosed.

Petition dismissed.

Bartley, C. L, and Swan, Bowen, and Scott, JJ., concurred.